UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ALICE D.,

                Plaintiff,

    v.

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

Case No. C20-5654-SKV

ORDER AFFIRMING COMMISSIONER'S DECISION

Plaintiff seeks review of the denial of her application for a Period of Disability and Disability Insurance Benefits (DIB). Having considered the Administrative Law Judge's decision, the administrative record (AR), and all memoranda of record, the Court **AFFIRMS** the Commissioner's final decision and **DISMISSES** the case with prejudice.

## BACKGROUND

Plaintiff was born in 1952, has at least a college education, and has worked as an assistant principal and a principal. AR 15, 24. Plaintiff was last gainfully employed between October 1, 2017 and September 30, 2018. AR 17.

On January 27, 2016, Plaintiff applied for benefits, alleging disability as of October 31, 2014. AR 15. Plaintiff's applications were denied initially and on reconsideration, and Plaintiff

ORDER AFFIRMING COMMISSIONER'S
DECISION - 1

requested a hearing. AR 15. After the ALJ conducted a hearing on March 12, 2019, the ALJ issued a decision finding Plaintiff not disabled. AR 12-30.

## THE ALJ'S DECISION

Utilizing the five-step disability evaluation process,[1] the ALJ found:

**Step one**: Plaintiff engaged in substantial gainful activity between October 1, 2017 and September 30, 2018.

**Step two**: Plaintiff has the following severe impairments: degenerative disc disease, left hip abnormality, AC joint arthropathy, diabetes mellitus with peripheral neuropathy, obesity, and diffuse idiopathic skeletal hypertosis.

**Step three**: These impairments do not meet or equal the requirements of a listed impairment.[2]

**Residual Functional Capacity**: Plaintiff can perform light work subject to additional limitations.

**Step four**: Plaintiff can perform past relevant work. Plaintiff is therefore not disabled.

AR 17-25.

The Appeals Council denied Plaintiff's request for review, making the ALJ's decision the Commissioner's final decision. AR 1-6. Plaintiff appealed the final decision of the Commissioner to this Court. Dkt. 4.

## LEGAL STANDARDS

Under 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005). As a general principle, an ALJ's error may be deemed harmless where it is "inconsequential to the ultimate nondisability determination." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012)

---

[1] 20 C.F.R. § 404.1520.
[2] 20 C.F.R. Part 404, Subpart P. Appendix 1.

ORDER AFFIRMING COMMISSIONER'S
DECISION - 2

(cited sources omitted). The Court looks to "the record as a whole to determine whether the error alters the outcome of the case." *Id*.

Substantial evidence is "more than a mere scintilla. It means - and means only - such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S.Ct. 1148, 1154 (2019) (cleaned up); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for evaluating symptom testimony, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. *Id.*

## DISCUSSION

Plaintiff argues the ALJ erred by misevaluating certain medical opinion evidence, discounting her testimony, fashioning a deficient RFC, and making unsupported step five findings. The Commissioner argues the ALJ's decision is free of harmful legal error, supported by substantial evidence, and should be affirmed.

### A. The ALJ Did Not Err in Evaluating the Medical Evidence

A treating doctor's opinion is generally entitled to greater weight than an examining doctor's opinion, and an examining doctor's opinion is entitled to greater weight than a non-examining doctor's opinion. *Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014). An ALJ may only reject the contradicted opinion of a treating doctor by giving "specific and legitimate" reasons. *Revels v. Berryhill*, 874 F.3d 648, 654 (9th Cir. 2017).

*1. Justin Taylor, M.D.*

Dr. Taylor examined Plaintiff in April 2016 and opined Plaintiff "had no limitations standing, walking, or sitting," could "lift and carry at the light level," and could "frequently balance, stoop, kneel, crouch, and crawl." AR 24. While Dr. Taylor did not note "climbing limitations," he noted "other postural limitations … based on the claimant's back pain and the potential worsening of her symptoms." *Id*. The ALJ found Dr. Taylor's opinion "persuasive," explaining "the postural assessment of this source is more reliable than the assessment of the consultants because the consultative examiner actually had the opportunity to see and examine the claimant in person." *Id*. The ALJ also found Dr. Taylor's opinion "otherwise generally consistent with the findings of the State agency medical consultants, in that all three of these sources have stated the claimant was able to do light work." *Id*.

Plaintiff first argues the ALJ "erred by failing to apprehend that Dr. Taylor's opinion was contradicted by his own findings." Dkt. 12 at 3. Plaintiff bears the burden of showing the ALJ harmfully erred. *See Molina*, 674 F.3d at 1111. An ALJ generally may accept any medical opinion and need not even give reasons. *See Orteza v. Shalala*, 50 F.3d 748, 750 (9th Cir. 1995) (ALJ must provide reasons for rejecting a medical opinion, but not for accepting and interpreting one); *see also Turner v. Comm'r of Social Sec. Admin.*, 613 F.3d 1217, 1223 (9th Cir. 2010) ("the ALJ did not need to provide 'clear and convincing reasons' for rejecting [a treating doctor's] report because the ALJ did not reject any of [his] conclusions"). Plaintiff thus does not meet her burden to show the ALJ harmfully erred and the Court accordingly affirms the ALJ's determination to credit Dr. Taylor's opinion. *See Indep. Towers of Washington v. Washington*, 350 F.3d 925, 930 (9th Cir. 2003) ("Our adversarial system relies on the advocates to inform the discussion and raise the issues to the court. …We require contentions to be accompanied by

reasons."); *see generally Carmickle v. Commissioner*, 533 F.3d 1155, 1161 n.2 (9th Cir. 2008) (declining to address issues not argued with any specificity); *see also James M. v. Comm'r of Soc. Sec.*, No. C19-5755-BAT, 2020 WL 3605630, at *2 (W.D. Wash. July 2, 2020) ("[I]t is not enough merely to present an argument in the skimpiest way (i.e., listing the evidence), and leave the Court to do counsel's work—framing the argument, and putting flesh on its bones through a discussion of the applicable law and facts.").

Plaintiff also argues Dr. Taylor "entirely failed to account for any limitations related to [Plaintiff's] symptoms, including pain," and "did not review medical evidence regarding [Plaintiff's] history of osteoporosis, her diabetic neuropathy in her feet, her marked sleep inefficiencies, or her loss of vision." Dkt. 12 at 3. As noted above, conclusory arguments made without elaboration, explanation, or citation to supportive evidence are insufficient to establish the ALJ harmfully erred and are accordingly rejected.

The ALJ accordingly did not err by crediting Dr. Taylor's opinion.

2. Lisa Wooten and Louis Martin, M.D.

The ALJ found the non-examining consultants opined Plaintiff could "lift and/or carry 20 pounds occasionally and 10 pounds frequently," "stand and/or walk for 6 hours in an 8-hour workday and sit for 6 hours in an 8-hour workday," "frequently balance, kneel, crawl, and climb ramps and stairs," "occasionally stoop, crouch, and climb ladders, ropes, and scaffolds," "reach overhead occasionally due to limited range in motion in the bilateral shoulders," and "needed to avoid concentrated exposure to vibration and to hazards in the workplace, such as moving machinery and unprotected heights." AR 24. The ALJ found these opinions "persuasive," but, as noted above, found Dr. Taylor's "assessment regarding the postural movements … more persuasive because he personally examined the claimant." *Id*. The ALJ found, however, the

vocational expert "testified the claimant would still have been able to do [her past relevant work] even with the limitations suggested by the consultants." *Id*.

Plaintiff first argues the ALJ erred by "incorrectly identifying these individuals" as "medical consultants," contending that Lisa Wooten is not, as the Commissioner concedes, an acceptable medical source. Dkt. 12 at 4; Dkt. 13 at 8. However, as the Commissioner correctly argues, the error is harmless in light of the fact that Dr. Martin "independently endorsed Plaintiff's limitations when offering his opinion." Dkt. 13 at 8; *see Molina*, 674 F.3d at 1115; *Carmickle*, 533 F.3d 1155, 1162 – 63.

Plaintiff also argues Dr. Martin "failed to apprehend that Dr. Taylor's opinion was inconsistent with his own findings," and "did not fully account for the limitations [Plaintiff] described in her testimony, including the limitations related to her fatigue, sleep apnea, peripheral neuropathy, edema, and her many fractures." *Id*. As noted above conclusory arguments made without elaboration, explanation, or citation to supportive evidence are insufficient to establish the ALJ harmfully erred and are accordingly rejected.

The ALJ accordingly did not err by crediting Dr. Martin's opinion.

*3. Other Medical Evidence*

Plaintiff lists, seriatim, findings and notations of numerous medical providers. Dkt. 12 at 4-11. She states the findings of these sources support her testimony and undermine the RFC. *Id*. at 11. The Court rejects Plaintiff's conclusory statements as grounds to reverse the ALJ. As discussed above, Plaintiff bears the burden to show the ALJ harmfully erred and conclusory statements regarding Plaintiff's view of the record are insufficient to meet this burden.

## B. The ALJ Did Not Err by Discounting Plaintiff's Testimony

The ALJ determined Plaintiff's medically determinable impairments could reasonably be expected to cause the symptoms she alleged and therefore was required to provide "specific, clear, and convincing" reasons supported by substantial evidence to discount her testimony. *Trevizo v. Berryhill*, 871 F.3d 664, 678 (9th Cir. 2017).

The ALJ indicated Plaintiff testified she "retired [as a principal] in 2014 because she was in a significant amount of pain. She stated her weight and diabetes mellitus condition were out of control, and the demands of her job were something she could no longer handle." AR 20-21. The ALJ indicated Plaintiff testified she "experiences pain in the neck, shoulders, left hip, and back, and she also experiences radicular symptoms down to her feet"; "had been treated with cortisone injections around every 3 months, but she has since discontinued that treatment"; and "is treated now using a combination of physical therapy and pain medication, but she said she used her medication sparingly, just twice per month." AR 21. The ALJ further indicated Plaintiff testified she "went to work again in 2018 for a school system as a substitute office worker, but she was no longer in a management position. She stated she could not stand or walk long enough to do this type of work full time." AR 21.

The ALJ first discounted Plaintiff's testimony as "not entirely consistent with the medical evidence of record." AR 22. In support, the ALJ detailed the medical evidence of record. *See* AR 21 – 22. Plaintiff argues "none of this evidence actually contradicts [Plaintiff's] testimony," relying on her arguments concerning the ALJ's treatment of the opinions of Drs. Taylor and Martin. Dkt. 12 at 12. However, as discussed above, the ALJ reasonably credited the opinions of Drs. Taylor and Martin. In discounting Plaintiff's testimony, the ALJ pointed to Dr. Martin's examination, which indicated "extension and flexion of the neck and shoulders were within

normal limits," Plaintiff "displayed good range of motion of the hips," and "[s]ensation testing was normal." AR 21.  Although Dr. Martin identified "tenderness in the lower back and in the cervical spine, to moderate palpation," the ALJ found "no objective clinical signs were noted." *Id.*  Further, the ALJ found Plaintiff's ability to undergo a gastric bypass surgery procedure "shows the claimant was healthy enough to be medically cleared to have such a procedure performed." AR 22.  Plaintiff does not challenge this finding.  The ALJ accordingly did not err in discounting Plaintiff's testimony as "not entirely consistent with the medical evidence of record." *See Carmickle*, 533 F.3d at 1161 ("Contradiction with the medical record is a sufficient basis for rejecting the claimant's subjective testimony.").

Plaintiff next argues the ALJ improperly discounted Plaintiff's testimony as inconsistent with her activities.  The ALJ found Plaintiff "has enjoyed travel. In September 2015, she took an East Coast trip.  In September 2017, she took a cruise to Jamaica and the Cayman Islands." AR 23 (internal quotations omitted).  It is not clear, however, that the ALJ discounted Plaintiff's testimony on this ground.  While the ALJ would have erred if discounting Plaintiff's testimony on this ground, the error is harmless in light of the other valid reasons supported by substantial evidence given to discount Plaintiff's testimony.  *See Carmickle*, 533 F.3d at 1162-63.

Plaintiff also argues the ALJ offered a "contradictory analysis" regarding Plaintiff's testimony about past alcohol abuse: "The ALJ next questions the accuracy of [Plaintiff's] testimony about having had any past issue involving alcohol abuse, while simultaneously stating 'I do not find the claimant has an alcohol abuse problem.'" Dkt. 12 at 13.  Plaintiff misapprehends the ALJ's finding.  The ALJ found Plaintiff's "denial of a *past* issue inconsistent with the record." AR 23 (emphasis added).  The ALJ's finding in this regard is not inconsistent with his finding that Plaintiff *presently* does not have an alcohol abuse problem. *Id.*  To the

extent the ALJ discounted Plaintiff's testimony on this inconsistency, he did not err. *See Burch v. Barnhart*, 400 F.3d 676, 680 (9th Cir. 2005) (ALJ appropriately considers inconsistencies in assessing Plaintiff's testimony).

For the foregoing reasons, the ALJ did not err by discounting Plaintiff's testimony.

### C. The ALJ Did Not Err by Formulating Plaintiff's RFC and Making Step Five Findings

Plaintiff argues the Court should find the ALJ's RFC determination and step five findings are erroneous because the ALJ misevaluated the medical evidence and improperly discounted her testimony. Dkt. 12 at 17-18. The argument is foreclosed because, as discussed above, the ALJ properly evaluated the medical evidence and gave valid reasons supported by substantial evidence to discount Plaintiff's testimony.

## CONCLUSION

For the foregoing reasons, the Commissioner's final decision is **AFFIRMED** and this case is **DISMISSED** with prejudice.

Dated this 23rd day of June, 2021.

S. KATE VAUGHAN
United States Magistrate Judge